# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## No. 15-2859

UNITED STATES OF AMERICA,
Appellee,

v.

ONE PALMETTO STATE ARMORY
PA-15 MACHINEGUN RECEIVER/FRAME
UNKNOWN CALIBER, SERIAL NUMBER
LW001804, Defendant,

And

WATSON FAMILY GUN TRUST,
Appellant/Claimant.

———————————

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D. Ct. Civil No. 2:15-cv-02202 (consolidated with 2:14-cv-06569)
(The Honorable Judge Stewart Dalzell)

———————————

## RESPONSE TO THE COURT'S AUGUST 10, 2015 ORDER

Stephen D. Stamboulieh
Stambouleih Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440

Counsel for Appellant/Claimant

August 15, 2015

COMES NOW, Appellant/Claimaint Ryan S. Watson Individually and as Trustee of the Watson Family Gun Trust ("Mr. Watson") by and through undersigned counsel, and hereby files this response to this Court's Order of August 10, 2015.

By way of background, the instant appeal originates from a complaint filed the Eastern District of Pennsylvania, Civil Action No. 2:14-cv-06569, against the Attorney General of the United States and the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). A separate forfeiture case was initiated by the United States of America ("United States") seeking to forfeit a machinegun made after the BATFE approved an application for Appellant to make the firearm. Civil Action No. 2:14-cv-02202. The first action was then consolidated with the forfeiture action. Shortly thereafter, the court entered its Opinion and Order on July 22, 2015 [ECF No.s 6, 7] granting the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment and dismissing Mr. Watson's complaint from the first action. Mr. Watson filed the instant appeal on August 1, 2015 and the forfeiture action was stayed pending appeal on August 6, 2015.

On August 10, 2015, Mr. Watson received an Order from this Court stating in part, "The order appealed is not final within the meaning of 28 U.S.C. § 1291 and is not otherwise appealable at this time. It appears that the forfeiture portion of the consolidated proceedings is still ongoing." After receipt of this Order, Mr. Watson

filed an Unopposed Motion for Certification of Entry of Final Judgment Pursuant to Fed.R.Civ.P. 54(b). The district court granted the relief requested on August 13, 2015 and found that there has been a final judgment on the merits and that there is no just reason for delay. See Exhibit "A." [ECF No. 14]. The district court further entered judgment in "Civil Action 14-6569 in favor of [the Attorney General] and [Acting Director of BATFE] and against Ryan S. Watson, individually and as Trustee for the Watson Family Gun Trust." See Exhibit "B." [ECF No. 15].

> This Court has routinely held:
>
> [o]btaining a final judgment cures the jurisdictional defect of an otherwise premature appeal. *N.J. Tpk. Auth. v. PPG Indus., Inc*., 197 F.3d 96, 102 n. 5 (3d Cir.1999) ('We conclude that any jurisdictional defects inherent in the District Court's [earlier, non-final] order were cured by the [Rule] 54(b) certification, and that we therefore have jurisdiction to consider th[e] appeal.'); see also *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 185 (3d Cir.1983) ('[A] premature appeal taken from an order which is not final but which is followed by an order that is final may be regarded as an appeal from the final order in the absence of the showing of prejudice to the other party.'"

*In re Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II),* 751 F.3d 150, 156 (3d Cir. 2014). The Appellee will not suffer any prejudice if this Court allows the Rule 54(b) certification to cure the premature appeal. Mr. Watson's motion seeking Rule 54(b) certification in the district court was unopposed. The forfeiture action has been stayed pending this appeal and Mr. Watson has specifically

stipulated that if his appeals are unsuccessful, he will not continue to contest the forfeiture action.

This, the ___15th___ day of August, 2015.

                                              Respectfully submitted,

                                              _/s/ Stephen D. Stamboulieh_____
                                              STEPHEN D. STAMBOULIEH
                                              ATTORNEY FOR APPELLANT/CLAIMANT

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us

## CERTIFICATE OF BAR MEMBERSHIP

I, Stephen D. Stamboulieh, hereby certify that I am a member in good standing of the Bar of this Court.

This, the  15th  day of August, 2015.

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh


## CERTIFICATE OF SERVICE

I, Stephen D. Stamboulieh, hereby certify that on August 15, 2015, a true and correct copy of the foregoing document was served on all parties to this appeal, via CM/ECF, pursuant to the Third Circuit Rule 25.1(b), because counsel for all parties are Filing Users who will be served electronically by the Notice of Docket Activity.

This, the   15th    day of August, 2015.

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh