IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ONE PALMETTO STATE ARMORY | : | NO. 15-2202 |
| PA-15 MACHINEGUN RECEIVER/FRAME, | : | (consolidated with No. 14-6569) |
| UNKNOWN CALIBER, SERIAL NUMBER | : | |
| LW001804, defendant | : | |
| And | : | |
| WATSON FAMILY GUN TRUST, claimant | : | |

FILED
AUG 1 3 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

<u>ORDER</u>

AND NOW, this 13th day of August, 2015, upon consideration of the claimant Ryan S. Watson's unopposed motion for certification of entry of final judgment pursuant to Fed. R. Civ. P. 54(b) (docket no. 13), and the Court finding that:

(a) On June 22, 2015, we granted claimant's uncontested motion to consolidate this forfeiture action with the first-filed action, and on July 22, 2015 we granted the defendants' motion to dismiss the complaint in the first-filed action;

(b) On August 6, 2015, we granted the parties' joint motion to stay the forfeiture proceedings in this matter pending appeal;

(c) On August 10, 2015, the Clerk of the Third Circuit Court of Appeals advised the appellant that our July 22, 2015 Order was "not final within the meaning of 28 U.S.C. § 1291 and not otherwise appealable at this time" because the forfeiture action was still ongoing, Mot. at ¶ 8; <u>see also</u> Ex. A;

(d) Rule 54(b) provides in relevant part that

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a

EXHIBIT "A"

final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay;

(e) Our Court of Appeals has explained that "[o]btaining a final judgment cures the jurisdictional defect of an otherwise premature appeal," In re Fosamax (Alendronate Sodium) Products Liability Litigation (No. II), 751 F.3d 150, 156 (3d Cir. 2014) (internal citation omitted); see also Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) ("[A] premature appeal taken from an order which is not final but which is followed by an order that is final may be regarded as an appeal from the final order in the absence of the showing of prejudice to the other party") (internal citation and quotation marks omitted) (emphasis in original);

(f) To certify our July 22, 2015 Order as final, we must find that there has been a final judgment on the merits, see Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980), and that there is no just reason for delay, see Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975);

(g) As we granted defendants' motion to dismiss, our Order was a final judgment on the merits of claimant's complaint;

(h) As to the second factor, our Court of Appeals teaches that we "should clearly articulate the reasons and factors underlying its decision to grant 54(b) certification. It is essential that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law," Allis-Chalmers Corp., 521 F.2d at 364 (internal citations, quotation marks and ellipses omitted);

(i) Our "brief reasoned statement," id., should include consideration of the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like,

id.;

(j) As the claimant made clear in his August 3, 2015 motion to stay the forfeiture proceedings, the claims are linked because he has stipulated that if his appeal is unsuccessful, he will not contest forfeiture, Mot. at ¶ 17;

(k) He argues, and we agree, that the second factor weighs in his favor because there will be no further proceedings before us if his appeal is unsuccessful, id. at ¶ 18;

(l) As claimant has conceded forfeiture in the event of an unsuccessful appeal, the reviewing court will not be obliged to consider the same issue a second time;

(m) There is no claim or counterclaim that would undermine the judgment he seeks to make final and the last factor also weighs in his favor as it is efficient for our Court of Appeals to consider the appeal of our July 22, 2015 Order now rather than oblige the parties to litigate a largely redundant forfeiture action before presenting the identical or near-identical issues on appeal;

(n) We agree with the claimant's unopposed argument that there is no just reason for further delay of entry of a final judgment; and

(o) We find that there has been a final judgment on the merits;

It is hereby ORDERED that claimant's motion for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) is GRANTED.

BY THE COURT:

_/s/ Stewart Dalzell_
Stewart Dalzell, J.