# United States Court of Appeals

*for the*

# Third Circuit

Case No. 15-2859

UNITED STATES OF AMERICA,

– v. –

ONE (1) PALMETTO STATE ARMORY PA-15 MACHINEGUN
RECEIVER/FRAME UNKNOWN CALIBER, SERIAL NUMBER LW001804;
WATSON FAMILY GUN TRUST,

*Claimant,*

(D.C. No. 15-cv-02202)

RYAN S. WATSON, Individually and
as Trustee of the Watson Family Gun Trust,

*Appellant,*

– v. –

ATTORNEY GENERAL UNITED STATES OF AMERICA; DIRECTOR
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,

*Appellee.*

(D.C. No. 14-cv-06569)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D. CT. CIVIL NO. 2:15-CV-02202 (CONSOLIDATED WITH 2:14-CV-06569)
(THE HONORABLE JUDGE STEWART DALZELL)

## APPENDIX FOR APPELLANT
## VOLUME II OF II (Pages A62-A106)

ALAN ALEXANDER BECK
LAW OFFICE OF ALAN BECK
4780 Governor Drive
San Diego, California 92122
(619) 905-9105

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, Mississippi 39130
(601) 852-3440

*Attorneys for Appellant*

# TABLE OF CONTENTS

**Page**

Memorandum, filed July 22, 2015 .........................................................................A1

Order, filed July 22, 2015 ................................................................................A52

Notice of Appeal, August 1, 2015 ....................................................................A54

Order, filed August 13, 2015 ............................................................................A57

Judgment, filed August 13, 2015 ......................................................................A61

## Volume II

Lower Court Docket Entries 2:14-cv-06569-SD ................................................A62

Lower Court Docket Entries 2:15-cv-02202-SD ................................................A65

Complaint for Declaratory and Injunctive Relief, filed April 24, 2015 ..............A68

    Exhibit A-Batfe Letter dated March 17, 2014 to Dakota Silencer.............A87

    Exhibit B-Approved Application to Make and Register a Firearm ...........A90

    Exhibit C-Approved and Disapproved Application to Make and
    Register a Firearm.......................................................................................A95

    Exhibit D-Letter from William J. Boyle, III, Chief of the National
    Firearms Act Branch...................................................................................A97

    Exhibit E-Letter from Special Agent Rabach............................................A99

    Exhibit F-Receipt for Property and Other Items provided to Plaintiff by
    Special Agent Kovach .............................................................................A102

CLOSED,MEMBERCASE,STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:14-cv-06569-SD

| | |
|---|---|
| WATSON v. HOLDER et al | Date Filed: 11/14/2014 |
| Assigned to: HONORABLE STEWART DALZELL | Date Terminated: 06/22/2015 |
| related Case: 2:15-cv-02202-SD | Jury Demand: None |
| Cause: 28:1331 Federal Question: Other Civil Rights | Nature of Suit: 890 Other Statutes: Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**RYAN S. WATSON**
*INDIVIDUALLY AND AS TRUSTEE OF THE*
*WATSON FAMILY GUN TRUST*

represented by **ALAN BECK**
4025 CAMINO DEL RIO SOUTH
SUITE 345
SAN DIEGO, CA 92108
619-971-0414
Email: alan.alexander.beck@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DAVID RYAN SCOTT**
J. SCOTT WATSON PC
24 REGENCY PLAZA
GLEN MILLS, PA 19342
610-358-9600
Email: david.scott@jscottwatson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**STEPHEN D. STAMBOULIEH**
STAMBOULIEH LAW PLLC
POBOX 4008
MADISON, MS 39130
601-260-3375
Email: stephen@sdslaw.us
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ERIC H. HOLDER, JR.**
*ATTORNEY GENERAL OF THE UNITED*
*STATES*

represented by **ERIC J. SOSKIN**
U.S. DEPT OF JUSTICE
20 MASSACHUSETTS AVE NW
WASHINGTON, DC 20001
202-353-0533
Email: eric.soskin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A62



THIS PAGE INTENTIONALLY LEFT BLANK

**DANIEL RIESS**
U.S. DEPT OF JUSTICE
20 MASSACHUSETTS AVE NW
ROOM 6122
WASHINGTON, DC 20001
202-353-3098
Email: daniel.riess@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**B. TODD JONES**
*DIRECTOR BUREAU OF ALCOHOL,*
*TOBACCO, FIREARMS, AND EXPLOSIVES*

represented by **ERIC J. SOSKIN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL RIESS**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/14/2014 | 1 | COMPLAINT against ERIC H. HOLDER, JR, B. TODD JONES ( Filing fee $ 400 receipt number 111365.), filed by RYAN S. WATSON. (Attachments: # 1 Civil Cover Sheet)(rt) (Entered: 11/17/2014) |
| 11/14/2014 | | Summons Issued as to ERIC H. HOLDER, JR, B. TODD JONES. Three Forwarded To: Counsel and One Given to AUSA on November 17, 2014 (rt) (Entered: 11/17/2014) |
| 11/17/2014 | 2 | Acceptance of Service by U.S. Attorney Re: accepted summons and complaint on behalf of the United States Attorney (only). (sg, ) (Entered: 11/17/2014) |
| 11/28/2014 | 3 | APPLICATION OF STEPHEN D. STAMBOULIEH, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b), Statement and Certificate of Service (Filing fee $40 receipt number 112013) by RYAN S. WATSON. (ti, ) (Entered: 12/01/2014) |
| 12/01/2014 | 4 | ORDERED THAT ATTORNEY STEPHEN D. STAMBOULIEH'S APPLICATION FOR PRO HAC VICE IS GRANTED. SIGNED BY HONORABLE STEWART DALZELL ON 12/1/2014. 12/2/2014 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 12/02/2014) |
| 12/04/2014 | 5 | NOTICE of Appearance by ERIC J. SOSKIN on behalf of ERIC H. HOLDER, JR, B. TODD JONES with Certificate of Service(SOSKIN, ERIC) (Entered: 12/04/2014) |
| 12/17/2014 | 6 | SUMMONS Returned Executed by RYAN S. WATSON re: David Scott served Summons and Complaint upon All Defendants by Certified Mail. All Defendants. (Attachments: # 1 Certificate of Service Service on Jones, # 2 Certificate of Service Service on US Atty)(SCOTT, DAVID) (Entered: 12/17/2014) |
| 01/05/2015 | 7 | APPLICATION FOR PRO HAC VICE OF ALAN BECK by RYAN S. WATSON. CERTIFICATE OF SERVICE, PROPOSED ORDER. $40.00 FEE PAID, RECEIPT No.: 113869. (sg, ) (Entered: 01/06/2015) |
| 01/08/2015 | 8 | ORDERED THAT ATTORNEY ALAN BECK'S APPLICATION FOR PRO HAC VICE FOR RYAN S. WATSON IS GRANTED. SIGNED BY HONORABLE STEWART DALZELL ON 1/8/2015. 1/9/2015 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 01/09/2015) |
| 01/16/2015 | 9 | NOTICE of Appearance by DANIEL RIESS on behalf of ERIC H. HOLDER, JR, B. TODD JONES with Certificate of Service(RIESS, DANIEL) (Entered: 01/16/2015) |

A63

| 01/16/2015 | [10](#) | MOTION to Dismiss for Lack of Jurisdiction , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by ERIC H. HOLDER, JR, B. TODD JONES.Brief, Certificate of Service. (Attachments: # 1 Brief in Support of Motion, # 2 Text of Proposed Order Form of Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8)(SOSKIN, ERIC) (Entered: 01/16/2015) |
|---|---|---|
| 01/23/2015 | [11](#) | MOTION for Order *of Preservation of Machine Gun - Uncontested* filed by RYAN S. WATSON.Certificate of Counsel and Certificate of Service. (Attachments: # 1 Exhibit Forfeiture Notice, # 2 Text of Proposed Order Form of Order)(STAMBOULIEH, STEPHEN) (Entered: 01/23/2015) |
| 01/26/2015 | [12](#) | ORDERED THAT PLAINTIFF'S MOTION FOR THE PRESERVATION OF HIS MACHINEGUN IS GRANTED. THE DEFENDANT BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES SHALL PRESERVE PLAINTIFF'S MACHINEGUN UNTIL FURTHER ORDER OF THIS COURT. SIGNED BY HONORABLE STEWART DALZELL ON 1/26/2015. 1/26/2015 ENTERED AND COPIES MAILED AND E-MAILED.(sg, ) (Entered: 01/26/2015) |
| 01/30/2015 | [13](#) | RESPONSE in Opposition re 10 MOTION to Dismiss for Lack of Jurisdiction MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by RYAN S. WATSON. (Attachments: # 1 Memorandum Brief, # 2 Text of Proposed Order Order, # 3 Declaration Exhibit A, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C)(SCOTT, DAVID) (Entered: 01/30/2015) |
| 02/11/2015 | [14](#) | MOTION for Leave to File *Reply Brief* filed by ERIC H. HOLDER, JR, B. TODD JONES.Brief. (Attachments: # 1 Text of Proposed Order, # 2 Brief for Which Leave to File is Sought)(SOSKIN, ERIC) (Entered: 02/11/2015) |
| 03/03/2015 | [15](#) | MOTION FOR LEAVE TO FILE A SURREPLY BRIEF , MEMORANDUM AND CERTIFICATE OF SERVICE filed by RYAN S. WATSON. (Attachments: # 1 Text of Proposed Order, # 2 Brief) (SCOTT, DAVID) Modified on 3/4/2015 (afm, ). (Entered: 03/03/2015) |
| 06/12/2015 | [16](#) | MOTION to Consolidate Cases filed by RYAN S. WATSON.Certificate of Counsel, Certificate of Service. (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order)(SCOTT, DAVID) (Entered: 06/12/2015) |
| 06/22/2015 | [17](#) | ORDER THAT PURSUANT TO F.R.C.P. 42(a) THE ABOVE CASES ARE CONSOLIDATED FOR ALL PURPOSES UNDER C.A. NO. 15-2202. THE CLERK OF COURT SHALL TRANSFER ALL PAPERS IN C.A. NO. 14-6569 TO THE FILE FOLDER OF C.A. NO. 15-2202. THE CLERK OF COURT SHALL CLOSE C.A. NO. 14-6569 STATISTICALLY. SIGNED BY HONORABLE STEWART DALZELL ON 6/22/2015. 6/22/2015 ENTERED AND COPIES E-MAILED.(sg, ) (Entered: 06/22/2015) |
| 06/22/2015 | | ALL PAPERS TRANSFERRED TO C.A. NO. 15-2202. (sg, ) (Entered: 06/22/2015) |
| 08/10/2015 | | USCA Case Number 15-2859 for DOC. 8 IN C.A. 15-2202 Notice of Appeal, filed by WATSON FAMILY GUN TRUST, RYAN S. WATSON. (sg, ) (Entered: 08/11/2015) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/06/2015 21:23:13 | | |
| PACER Login: | stamboulieh:3697460:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:14-cv-06569-SD |
| Billable Pages: | 3 | Cost: | 0.30 |

A64

CLOSED,APPEAL,LEAD,STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:15−cv−02202−SD

| | |
|---|---|
| UNITED STATES OF AMERICA v. ONE (1) PALMETTO STATE ARMORY PA−15 MACHINEGUN RECEIVER/FRAME, UNKOWN CALIBER, SERIAL NUMBER: LW001804 | Date Filed: 04/24/2015 |
| | Date Terminated: 08/13/2015 |
| | Jury Demand: Plaintiff |
| | Nature of Suit: 690 Forfeit/Penalty: Other |
| Assigned to: HONORABLE STEWART DALZELL | Jurisdiction: U.S. Government Plaintiff |
| related Case: 2:14−cv−06569−SD | |
| Case in other court: USCA, 15−02859 | |
| Cause: 28:1355 Petition for Return of Property | |

**Plaintiff**

**UNITED STATES OF AMERICA**　　　represented by　**J. ALVIN STOUT , III**
U.S. ATTY'S OFFICE
615 CHESTNUT ST
STE 1250
PHILADELPHIA, PA 19106−4476
215−861−8461
Fax: 215−861−8618
Email: alvin.stout@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JACQUELINE CHRISTINE ROMERO**
US ATTORNEY'S OFFICE
615 CHESTNUT STREET
PHILADELPHIA, PA 19106
215−861−8470
Email: jacqueline.romero@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ONE (1) PALMETTO STATE ARMORY PA−15 MACHINEGUN RECEIVER/FRAME, UNKOWN CALIBER, SERIAL NUMBER: LW001804**

**Claimant**

**WATSON FAMILY GUN TRUST**　　　represented by　**DAVID RYAN SCOTT**
J. SCOTT WATSON PC
24 REGENCY PLAZA
GLEN MILLS, PA 19342
610−358−9600
Email: david.scott@jscottwatson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**STEPHEN D. STAMBOULIEH**
STAMBOULIEH LAW PLLC
POBOX 4008
MADISON, MS 39130
601−260−3375
Email: stephen@sdslaw.us

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2015 | 1 | COMPLAINT against ONE (1) PALMETTO STATE ARMORY PA–15 MACHINEGUN RECEIVER/FRAME, UNKOWN CALIBER, SERIAL NUMBER: LW001804, filed by UNITED STATES OF AMERICA.(rt) (rt, ). (Entered: 04/24/2015) |
| 04/24/2015 | | ARREST WARRANT IN REM ISSUED. FORWARDED TO US MARSHALS SERVICE ON APRIL 24, 2015. (rt) (Entered: 04/24/2015) |
| 04/24/2015 | | DEMAND for Trial by Jury by UNITED STATES OF AMERICA. (rt) (Entered: 04/24/2015) |
| 05/26/2015 | 2 | NOTICE of Appearance by DAVID SCOTT on behalf of WATSON FAMILY GUN TRUST. (SCOTT, DAVID) Modified on 5/27/2015 (md). (Entered: 05/26/2015) |
| 05/26/2015 | 3 | VERIFIED CLAIM OF INTEREST by WATSON FAMILY GUN TRUST.(Attachments: # 1 Certificate of Service) (SCOTT, DAVID) Modified on 5/27/2015 (md). (Entered: 05/26/2015) |
| 06/12/2015 | 4 | ANSWER to 1 Complaint by WATSON FAMILY GUN TRUST. (Attachments: # 1 Certificate of Service)(SCOTT, DAVID) (Entered: 06/12/2015) |
| 06/22/2015 | 5 | ORDER THAT PURSUANT TO F.R.C.P. 42(a) THE ABOVE CASES ARE CONSOLIDATED FOR ALL PURPOSES UNDER C.A. NO. 15–2202. THE CLERK OF COURT SHALL TRANSFER ALL PAPERS IN C.A. NO. 14–6569 TO THE FILE FOLDER OF C.A. NO. 15–2202. THE CLERK OF COURT SHALL CLOSE C.A. NO. 14–6569 STATISTICALLY. SIGNED BY HONORABLE STEWART DALZELL ON 6/22/2015. 6/23/2015 ENTERED AND COPIES E–MAILED. (va, ) (Entered: 06/23/2015) |
| 06/22/2015 | | ALL PAPERS TRANSFERRED FROM C.A. NO. 14–6569. (va, ) (Entered: 06/23/2015) |
| 07/22/2015 | 6 | MEMORANDUM SIGNED BY HONORABLE STEWART DALZELL ON 7/22/15. 7/22/15 ENTERED AND COPIES E–MAILED.(va, ) (Entered: 07/22/2015) |
| 07/22/2015 | 7 | ORDER THAT DEFENDANTS MOTION FOR LEAVE TO FILE A REPLY IS GRANTED; 2. PLAINTIFFS MOTION FOR LEAVE TO FILE A SURREPLY IS GRANTED; DEFENDANTS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IS GRANTED IN PART AND DENIED IN PART; DEFENDANTS MOTION TO DISMISS WATSONS SECOND AMENDMENT AND COMMERCE CLAUSE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION IS DENIED; DEFENDANTS MOTION TO DISMISS WATSONS COMPLAINT PURSUANT TO 12(B)(6) IS GRANTED; AND BY NOON ON AUGUST 10, 2015, THE PARTIES SHALL FILE ANY MOTIONS, NOT TO EXCEED TEN PAGES, IN THE FORFEITURE ACTION CONCERNING THE DISPOSITION OF THE PALMETTO STATE ARMORY PA–15 MACHINE GUN RECEIVER/FRAME. SIGNED BY HONORABLE STEWART DALZELL ON 7/22/15. 7/22/15 ENTERED AND COPIES E–MAILED. (va, ) (Entered: 07/22/2015) |
| 08/01/2015 | 8 | NOTICE OF APPEAL as to 6 Memorandum and/or Opinion, 7 Order (Memorandum and/or Opinion), by RYAN S. WATSON, WATSON FAMILY GUN TRUST. Filing Fee: Not Paid. Copies to Judge, Clerk USCA, Appeals Clerk. (STAMBOULIEH, STEPHEN) Modified on 8/3/2015 (md). (Entered: 08/01/2015) |
| 08/01/2015 | 9 | Clerk's Notice to USCA re 8 Notice of Appeal. Appeal Fee letter sent on 8/3/15. (va, ) (Entered: 08/03/2015) |
| 08/05/2015 | 10 | Joint MOTION to Stay *Forfeiture Proceedings Pending Appeals* filed by WATSON FAMILY GUN TRUST.Certificate of Counsel and Certificate of Service. (Attachments: # 1 Text of Proposed Order)(STAMBOULIEH, STEPHEN) (Entered: 08/05/2015) |

A66

| 08/06/2015 | 11 | ORDER THAT THE 10 FORFEITURE ACTION AGAINST ONE PALMETTO STATE ARMORY PA−15 MACHINEGUN RECEIVER/FRAME IS STAYED PENDING THE RESOLUTION OF THE APPEAL OF OUR JULY 22, 2015 MEMORANDUM AND ORDER. SIGNED BY HONORABLE STEWART DALZELL ON 8/6/15. 8/6/15 ENTERED AND COPIES E−MAILED.(va, ) (Entered: 08/06/2015) |
| --- | --- | --- |
| 08/06/2015 | | USCA Appeal Fees received $ 505 receipt number PPE125530 re 8 Notice of Appeal, filed by WATSON FAMILY GUN TRUST, RYAN S. WATSON. (va, ) (Entered: 08/07/2015) |
| 08/10/2015 | 12 | NOTICE by RYAN S. WATSON, WATSON FAMILY GUN TRUST of filing the Transcript Purchase Order (no transcript available). (STAMBOULIEH, STEPHEN) (FILED IN ERROR BY ATTY; ATTY TO RE−SUBMIT IN HARD COPY) Modified on 8/12/2015 (md). (Entered: 08/10/2015) |
| 08/10/2015 | | NOTICE of Docketing Record on Appeal from USCA re 8 Notice of Appeal, filed by WATSON FAMILY GUN TRUST, RYAN S. WATSON. USCA Case Number 15−2859. (va, ) (Entered: 08/11/2015) |
| 08/12/2015 | 13 | MOTION to Certify *Final Judgment Pursuant to FRCP 54(b)* filed by RYAN S. WATSON, WATSON FAMILY GUN TRUST.Certificate of Counsel and Certificate of Service. (Attachments: # 1 Exhibit Correspondence from Third Circuit, # 2 Text of Proposed Order)(STAMBOULIEH, STEPHEN) (Entered: 08/12/2015) |
| 08/13/2015 | 14 | ORDER GRANTING 13 MOTION TO CERTIFY FINAL JUDGMENT PURSUANT TO FRCP 54(b). SIGNED BY HONORABLE STEWART DALZELL ON 8/13/15. 8/14/15 ENTERED AND COPIES E−MAILED. (va, ) (Entered: 08/14/2015) |
| 08/13/2015 | 15 | ORDER THAT JUDGMENT IS ENTERED IN CIVIL ACTION 14−6569 IN FAVOR OF LORETTA LYNCH AND THOMAS E. BRANDON AND AGAINST RYAN S. WATSON, INDIVIDUALLY AND AS TRUSTEE FOR THE WATSON FAMILY GUN TRUST. SIGNED BY HONORABLE STEWART DALZELL ON 8/13/15. 8/14/15 ENTERED AND COPIES E−MAILED. (va, ) (Entered: 08/14/2015) |
| 08/17/2015 | 16 | Copy of TPO Form re 8 Notice of Appeal, : (va, ) (Entered: 08/18/2015) |

A67



| | |
|---|---|
| RYAN S. WATSON,    Individually and as<br>Trustee of the WATSON FAMILY<br>GUN TRUST,<br>    24 Regency Plaza<br>    Glen Mills, PA 19342<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER, JR.,    Attorney General<br>Of the United States<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530<br><br>    and<br><br>B. TODD JONES,    Director of the Bureau<br>of Alcohol, Tobacco, Firearms, and Explosives<br>    99 New York Avenue, NE<br>    Washington, DC 20226<br><br>    Defendants. | **14    6569**<br><br>Case No._____ |

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

NOW COMES Plaintiff, Ryan S. Watson, Individually and as Trustee of the Watson

Family Gun Trust, by and through undersigned counsel, with his Complaint for Declaratory and

Injunctive Relief and in support thereof, states as follows:

## <u>INTRODUCTION</u>

1.    This is an action seeking declaratory and injunctive relief from 18 U.S.C. §

922(o), 26 U.S.C. § 5801 *et seq.* and the implementing regulations 27 C.F.R. § 479.1 *et seq.*

These statutory and regulatory provisions generally act as an unlawful *de facto* ban on the

transfer or possession of machine guns manufactured after May 19, 1986. By imposing such a ban on an entire class of arms, the statutes and regulations exceed the power of the United States under Article I of the United States Constitution, violate the Second Amendment rights of the Plaintiff and all similarly situated individuals, violate the Ninth and Tenth Amendments of the United States Constitution as well as the United States Constitution's principles of federalism and dual sovereignty. Additionally, by arbitrarily "disapproving" an approved Form 1 pursuant to which a machine gun was already manufactured, Defendants' actions constitute an unjust taking in violation of Plaintiff's Fifth Amendment right to due process and violate the Equal Protection clause of the Fourteenth Amendment.

2.     Plaintiff seeks declaratory and injunctive relief against the unconstitutional provisions contained in 18 U.S.C. § 922(o), 26 U.S.C. § 5801 *et seq.* and 27 C.F.R. § 479.1 *et seq*, declaring the ban on machine guns in violation of Article I of the United States Constitution and unconstitutional under the Second, Ninth and Tenth Amendments thereof, as well as declaratory and injunctive relief prohibiting Defendants from unjustly taking property without Due Process and just compensation.

3.     In the alternative, Plaintiff seeks declaratory and injunctive relief finding that 18 U.S.C. § 922(o) does not prohibit an unincorporated trust from manufacturing or possessing a machine gun manufactured after May 19, 1986 and/or that the Defendants lack the authority to and are thus prohibited from revoking or denying the validity of Plaintiff's approved tax stamp on ATF Form 1 Control Number 2014161951.

## PARTIES

4.     Plaintiff Ryan S. Watson ("Watson") is an adult male citizen of the Commonwealth of Pennsylvania and is the trustee of the Watson Family Gun Trust created and existing under the laws of the Commonwealth of Pennsylvania.

2

A69

5.     Defendant Eric H. Holder, Jr. is sued in his official capacity as the Attorney General of the United States of America.  As Attorney General, Defendant Holder is responsible for administering and executing the laws, customs, practices and policies of the United States, and is currently enforcing the laws, customs, practices and policies complained of in this action.

6.     Defendant B. Todd Jones is sued in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE").  As Director of BATFE, Defendant Jones is responsible for administering and executing the laws, customs, practices and policies of the United States, and is currently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

7.     The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1346, because this action arises under the Constitution and laws of the United States, and further has jurisdiction to render declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8.     Venue is proper in this district pursuant 28 U.S.C. § 1931(e)(1)(C) because no real property is involved, the Plaintiff resides in Pennsylvania and the Defendants are agencies of the United States or officers thereof acting in their official capacity, and pursuant to 28 U.S.C. § 1391(e)(1)(B) as a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

9.     The Second Amendment of the United States Constitution states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

10.     The Second Amendment guarantees "the right of law-abiding, responsible citizens

3

A70

to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570 (2008). In addition, the Second Amendment guarantees an individual right to bear arms unconnected with militia service which "extends, prima facie, to all instruments that constitute bearable arms." *Id.* at 582.

11. Prior to *Heller*, the seminal case regarding the Second Amendment was decided in 1939. In *U.S. v. Miller*, 307 U.S. 174 (1939), Jack Miller was indicted for transporting in interstate commerce a shotgun with a barrel less than eighteen inches in length, in violation of the National Firearms Act. The District Court dismissed the indictment on Second Amendment grounds, but the United States Supreme Court reversed and remanded for further proceedings. In its opinion, the Supreme Court stated

> [i]n the absence of any evidence tending to show that possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument. Certainly it is not within judicial notice that this weapon is any part of the ordinary military equipment or that its use could contribute to the common defense.

*Id.* at 178.

12. As judicial notice can readily be taken that machine guns are in fact "part of the ordinary military equipment" and their use "contribute to the common defense" due to all branches of the military, the National Guard, federal agencies (including the United States Department of Agriculture), and even local police forces utilizing machine guns commonly, it is clear that machine guns come under Second Amendment protection as expounded in *Miller*.

13. Additionally, a machine gun is not inherently dangerous, and generally no more dangerous than a semi-automatic firearm, nor is it an unusual firearm as machine guns are in common usage in a wide variety of law enforcement and civilian applications.

A71

14.     Despite the Second Amendment, machine guns are regulated under the National Firearms Act ("NFA"), codified as 26 U.S.C. § 5801 *et seq*, which imposes a $200 tax on the manufacture and transfer of machine guns, suppressors, short barreled rifles, short barreled shotguns and destructive devices.

15.     As the Second Amendment protects an individual right that extends to all "bearable arms," including those regulated by the NFA, the NFA's tax is unconstitutional, just as a poll tax, a tax to exercise one's religion, or a tax assessed on printed materials before one could exercise his or her First Amendment rights would be unconstitutional as well.

16.     It is no secret that although the NFA imposed a tax on certain firearms, the goal of the NFA was not to raise revenue.  The BATFE itself even states that the NFA's "underlying purpose was to curtail, if not prohibit, transactions in NFA firearms." *National Firearms Act*, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, https://www.atf.gov/content/firearms/firearms-industry/national-firearms-act (last accessed Nov. 7, 2014).  Since Congress lacks authority to ban NFA firearms outright, it instead imposed a large tax (in 1934 dollars) on the manufacture and transfer of NFA firearms which few individuals could pay.

17.     In order to manufacture an NFA firearm, a person must submit a written application to make and register the firearm, pay any tax associated with that making, identify the firearm to be made, identify the person making the firearm and obtain approval from the Secretary on the written application.  Upon approval of the application, the BATFE will register the firearm in the National Firearms Registration and Transfer Record and affix a stamp to the application to evidence the payment of the tax.  26 U.S.C. § 5822. The NFA also requires that "[a]pplications shall be denied if the making or possession of the firearm would place the person

5

making the firearm in violation of law." *Id.*

18.     18 U.S.C. § 922(o) generally prohibits the transfer or possession of a machine gun

manufactured after May 19, 1986.  The statute provides:

> (1) Except as provided in paragraph (2), it shall be unlawful for
> any person to transfer or possess a machine gun.
> (2) This subsection does not apply with respect to—
>> (A) a transfer to or by, or possession by or under the
>> authority of, the United States or any department or agency
>> thereof or a State, or a department, agency, or political
>> subdivision thereof; or
>> (B) any lawful transfer or lawful possession of a machine
>> gun that was lawfully possessed before the date this
>> subsection takes effect.

19.     The legislative history for 18 U.S.C. § 922(o) is, for the most part, nonexistent,

except for the mention on the floor by its sponsor, Representative Hughes, who simply stated "I

do not know why anyone would object to the banning of machine guns."  132 CONG. REC.

H1750 (1986) (statement of Rep. Hughes).  Despite the Amendment failing to pass the vote in

the House of Representatives, it still made its way into the final bill.  *See* Floor Vote on Hughes

Amendment, *available at* https://www.youtube.com/watch?v=a6Mx2UcSEvQ (last accessed

Nov. 7, 2014).

20.     The prohibition on machine guns does not apply to all machine guns, however.

Any machine gun lawfully owned before May 19, 1986 may still be transferred or possessed.

Accordingly, there are thousands, if not hundreds of thousands of machine guns lawfully

possessed by private individuals, and, but for § 922(o), there would likely be hundreds of

thousands more lawfully possessed by private individuals.  In fact, one of the most popular

sporting rifles in existence today, the AR-15 rifle, is merely a semi-automatic version of the M16

machine gun, and is nearly identical to the fully automatic version except for some of the internal

6

A73

parts and additional milling.

21.   The only conceivable constitutional authority for 18 U.S.C. § 922(o) is Congress' power to regulate commerce among the several states.

22.   However, the "making" and possession of a machine gun can be done without subjecting the firearm to interstate commerce.   A machine gun made in the Commonwealth of Pennsylvania that has not traveled in interstate commerce cannot be regulated by the Federal Government under the Interstate Commerce Clause.

23.   Accordingly, Congress cannot ban the possession of machine guns without findings regarding the effects of machine guns on interstate commerce.

24.   Indeed, during the congressional hearings on the NFA in 1934, Attorney General Homer S. Cummings explained that Congress could not simply ban machine guns (the preferred course of action for some legislators) because Congress had "no inherent police power to [make law concerning] local crime." *National Firearms Act of 1934: Hearings Before the House Committee on Ways and Means,* 73rd Cong., 2d Sess. 8 (1934).   The only way for Congress to regulate machine guns was through Congress' power to tax.   *Id.* at 6.

25.   Prior to 1986, registered machine guns were involved in so few crimes that the then Director of the Bureau of Alcohol, Tobacco, and Firearms, Stephen E. Higgins, stated during congressional hearings that "machine guns which are involved in crimes are so minimal so as not to be considered a law enforcement problem." *Armor Piercing Ammunition and the Criminal Misuse and Availability of Machinguns and Silencers: Hearings on H.R. 641 and Related Bills Before the Subcomm. On Crime of the House Co. on the Judiciary,* 98th Cong. 208 (1986).   Despite the lack of any evidence of machine guns having any effect on interstate commerce, Congress banned the entire class of firearms on interstate commerce grounds.

7

26. 18 U.S.C. § 922(o) is a criminal statute that has nothing to do with commerce, and its terms do not include any jurisdictional element which allows a determination to be made as to whether the mere possession of a machine gun effects interstate commerce. In fact, not only were there no Congressional findings to show machine guns have any effect on interstate commerce, all evidence, including the statements of the then ATF Director show that indeed, machine guns have *no effect* on interstate commerce. As there is no effect, let alone a substantial effect, on interstate commerce when an individual (or a trust) makes or possesses a machine gun, the complete ban of this class of weapons is without constitutional authority.

27. Even if Congress had the power to regulate machine guns under the Commerce Clause, Congress has ceased regulating post May 19, 1986 machine guns and has instead banned their transfer and possession. Banning a class of firearms is not "regulating" under the meaning of the Commerce Clause, especially in light of the protected Second Amendment rights associated with keeping and bearing arms.

28. The term "person" is defined in the Gun Control Act ("GCA") as "any individual, corporation, company, association, firm, partnership, society, or joint stock company." 18 U.S.C. § 921(a)(1). Noticeably absent from the GCA's definition of "person" is an unincorporated trust.

29. The BATFE, in an opinion letter dated March 17, 2014 to Dakota Silencer in Sioux Falls, South Dakota, referenced the "person" definition in the GCA and stated: "[u]nlike individuals, corporations, partnerships, and associations; unincorporated trusts do not fall within the definition of 'person' in the GCA." A true and correct copy of the BATFE letter to Dakota Silencer is attached hereto, made a part hereof, and marked as Exhibit "A". Since by the BATFE's own admission, the term "person" in the GCA does not include an unincorporated

trust, such a trust is not subject to the prohibition in § 922(o) which only applies to a "person."

30.     The BATFE has essentially rewritten § 922(o) to make it less onerous on the government. As written, § 922(o) permits only governmental entities and those not included in the definition of "person" from possessing a machine gun manufactured after 1986. Coincidentally, governmental entities do not manufacture machine guns but rather purchase them from civilian companies, which are included in the definition of "person." If the statute were applied as written, no machine gun could be manufactured by a civilian company even for government or law enforcement because the company as well as any individual associated with the company would be prohibited from possessing or transferring that machine gun. The same applies to licensed firearms dealers, who the BATFE permits to possess post 1986 machine guns if they have a letter from a law enforcement agency requesting a demonstration or a "sample" despite no exception being present in the law to permit licensed firearms dealers to possess machine guns even for law enforcement purposes.

31.     Additionally, upon information and belief, the BATFE has approved the transfer and registration of post-1986 machine guns for and to various individuals.

32.     The NFA has existed as a direct tax on a constitutional right for approximately eighty years. Law abiding citizens, like the Plaintiff, who desire to manufacture and own machine guns are not the types of individuals that use arms in crimes. In fact, lawfully registered machine guns have rarely been used in crime. Upon information and belief, there are only two known lawfully registered machine guns which have ever been used in a crime.

33.     Accordingly, § 922(o)'s ban on machine guns serves no purpose other than to frustrate Plaintiff's (and other law abiding citizens) exercising of his Second Amendment rights.

34.     Further, § 922(o) effectively repeals portions of the NFA because the BATFE will

9

A76

generally not accept payment of that tax.

35.     In *United States v. Rock Island Armory, Inc.*, 773 F.Supp. 117 (C.D.Ill.1991), the United States District Court for the Central District of Illinois held that "As applied to machine guns made and possessed after May 19, 1986, the registration and other requirements of the National Firearms Act, Chapter 53 of the Internal Revenue Code, no longer serve any revenue purpose, and are impliedly repealed or are unconstitutional." *Id.* at 119.

36.     The District Court further stated that "no federal jurisdiction exists to ban mere possession of machine guns, and the NFA provisions at issue are not supported by the tax power to the extent they enforce a prohibition rather than taxation." *Id.* at 123.

37.     On or about May 23, 2014, Plaintiff, as Trustee of the Watson Family Gun Trust, submitted an application on ATF Form 5320.1 (referred to in the industry as "Form 1") to make a machine gun.  Along with the Form 1, Plaintiff submitted the required $200 making tax.  This application was submitted in paper form.

38.     On or about June 24, 2014, Plaintiff, as Trustee of the Watson Family Gun Trust, submitted a second application on a Form 1 to make another machine gun, again paying the $200 making tax.  This application was submitted to the BATFE electronically.

39.     On August 5, 2014, the second application was approved by the BATFE to make a machine gun, the stamp was affixed to the Form 1, and the Form 1 was returned to Plaintiff authorizing him to make a machine gun.  A true and correct copy of the approved application is attached hereto, made a part hereof, and marked as Exhibit "B".

40.     Shortly after the BATFE approved the second Form 1, a machine gun was manufactured pursuant to that approval.

41.     Although no statutory or regulatory authority exists to allow or authorize the

BATFE to disapprove or revoke an issued tax stamp, on or about September 10, 2014, Plaintiff received an email from the BATFE stating that the status of the approved Form 1 had been changed from "Approved" to "Disapproved."

42.     However, the Defendants' own policies and procedures state that an approved Form 1 can be cancelled "only if the firearm has not been made or modified." *See*, Exhibit "B".

43.     The first application was later returned to Plaintiff containing a whited-out signature box, approval box, and date box, and marked "Disapproved" in two places on the application. It is clear from the whited-out areas that the first application had been approved, and the BATFE subsequently unlawfully revoked (or attempted to revoke) the approval. A true and correct copy of this approved then disapproved application is attached hereto, made a part hereof, and marked as Exhibit "C".

44.     A letter from William J. Boyle, III, Chief of the National Firearms Act Branch accompanied the application when returned to Plaintiff. A true and correct copy of the letter from Mr. Boyle is attached hereto, made a part hereof, and marked as Exhibit "D". The letter states:

> The fact that an unincorporated trust is not included in the definition of "person" under the GCA does not mean that an individual may avoid liability under section 922(o) by placing a machine gun "in trust." Where a trust is not an entity recognized as a "person" under the applicable law, it cannot make or hold property and is disregarded. Consequently, in terms of an unincorporated trust, ATF must disregard such a non-entity under the GCA and consider the individual acting on behalf of the trust to be the proposed maker/possessor of the machine gun.

45.     However, the plain language of the statute does not include a trust in the definition of "person," and therefore, there is no prohibition on trusts from making or possessing machine guns under § 922(o). The BATFE's explanation does not comport with the statutory

11

law defining the term "person" under the GCA, its decision to disregard of the plain language of that statute is ultra vires, and its rationale that where a trust is not included in the definition of "person" in a statute, the trust form must be disregarded and cannot hold property has no basis in law. Simply put, the BATFE has no authority to rewrite § 922(o) to fit its wishes and its actions in doing so are ultra vires.

46. Likewise, the BATFE's claim that it "must disregard such a non-entity under the GCA and consider the individual acting on behalf of the trust to be the proposed maker/possessor of the machine gun" is troubling in that this new interpretation upends what has been common practice for decades. For instance, when a trust manufactures an NFA firearm on a Form 1 (as is commonly done to make short barreled rifles), it is required to engrave on the firearm the name of the manufacturer, which in practice means the name of the trust, not the name of the trustee who physically makes the firearm on behalf of the trust. 26 U.S.C. § 5842(a).

47. If the BATFE now takes the position that a trust is a "disregarded entity" and considers the "person acting on behalf of the trust to be the proposed maker," then any trustee who has engraved the trust name on an NFA firearm instead of his personal name will be in violation of BATFE's new policy.

48. On or about October 10, 2014 Plaintiff received a telephone call from a BATFE Field Agent inquiring as to whether a machine gun had in fact been manufactured pursuant to the approved Form 1, and indicting that if so, the firearm would have to be "surrendered" to the BATFE.

49. Plaintiff was again contacted by the BATFE Agent on or about October 14, requesting that he speak with a BATFE attorney. Plaintiff spoke with the attorney on or about October 15, 2014 who reiterated that the firearm, if made, must be surrendered.

A79

50.     Shortly thereafter, Plaintiff again spoke with the BATFE Agent and expressed his concern that since the BATFE was now considering the firearm and his possession of the firearm to be illegal that if he surrendered the firearm, criminal charges may follow.

51.     Plaintiff then received a certified letter from Essam Rabach, Special Agent in Charge of the Philadelphia BATFE Field Division, on or about November 3, 2014. Special Agent Rabach's letter explained that "Since May, 1986, ATF has been barred from approving any private person's application to make a register [sic] a machine gun . . ." The letter further states that

> [i]f you had, in fact, already made a machine gun in reliance on ATF's erroneous approval of your ATF Form 1, you should make arrangements with [ATF Special Agent Ryan Kovach] to abandon or otherwise surrender it. This is critical not only as a matter of public safety, but because possession of this unregistered machine gun is a Federal Felony . . . Special Agent Kovach assured you that ATF is only interested in recovering the illegal and unregistered machine gun and has absolutely no interest in using your surrender of this machine gun to further a criminal prosecution. At the same time, nothing in this letter should be construed as a general grant of immunity or as giving you permission to violate Federal law.
> Moreover, if you do not want to abandon the machine gun to ATF, but wish to preserve whatever property right you may have in it, you may make this fact known to Special Agent Kovach at the time you surrender it . . .

A true and correct copy of Special Agent Rabach's letter is attached hereto, made a part hereof, and marked as Exhibit "E".

52.     On or about November 14, 2014, Plaintiff was met by BATFE Special Agent Kovach at which time Plaintiff surrendered the lawfully registered and manufactured machine gun to Special Agent Kovach under protest, maintaining his ownership interest in the machine gun and without waiving any rights to contest the illegal mandate by the BATFE that he surrender that firearm. A true and correct copy of the receipt provided to Plaintiff by Special Agent Kovach is attached hereto, made a part hereof, and marked as Exhibit "F".

13

53.     Plaintiff complied with the unconstitutional mandates of the BATFE regarding making an application to manufacture a machine gun, paid the unconstitutional tax associated with that application to exercise his right to keep and bear arms, and is now under threat of legal proceedings and/or forfeiture of property when the BATFE decided to unilaterally, arbitrarily and capriciously revoke his approval.

54.     If the BATFE's new interpretation of the law that unincorporated trusts are prohibited from manufacturing or possessing post-1986 machine guns is to be given weight, then the BATFE itself violated the law by approving Plaintiff's and others' applications in the first place.  Both 26 USC § 5822 and the BATFE's own implementing regulation, 27 CFR § 479.65, state that an application to manufacture a machine gun "shall" be denied "if the making or possession of the firearm would place the person making the firearm in violation of law."

55.     Plaintiff, in manufacturing a machine gun pursuant to the approved Form 1, justifiably and detrimentally relied on the BATFE's violation of the law as a guarantee from the BATFE that such manufacture would not be in violation of any law, and as a result stands to lose property and liberty.

56.     Additionally, as the Form 1 was approved by the BATFE, Plaintiff, as Trustee of the Watson Family Gun Trust, can make and possess a machine gun under the plain language of 18 U.S.C. § 922(o), which states in part "possession by or under the authority of, the United States or any department or agency thereof" as the BATFE is clearly an agency of the United States and the BATFE approved Plaintiff Watson's Form 1 to make a machine gun.

### COUNT I
### VIOLATION OF ARTICLE I OF THE UNITED STATES CONSTITUTION

57.     Plaintiff hereby incorporates the allegations set forth above as though the same were fully set forth at length herein.

14

A81

58. While Congress has the authority "To regulate Commerce . . . among the several States," this authority does not supersede the Second Amendment, and Congress is without power to inject itself into matters generally reserved to the States under the Ninth and Tenth Amendments.

59. Machine guns do not necessarily have to transfer in interstate commerce and can be made wholly within the state of the maker's residence.

60. As machine guns do not pose a substantial effect on interstate commerce, Congress cannot rely on the Commerce Clause to ban machine guns, and therefore Congress had no constitutional authority to enact 18 U.S.C. § 922(o) or its accompanying regulations.

61. Plaintiff is entitled to declaratory and injunctive relief barring defendants from attempting to unilaterally revoke an issued stamp on his Form 1 and further, that 18 U.S.C. § 922(o) is unconstitutional or unconstitutional as applied against Plaintiff.

## COUNT II
## VIOLATION OF THE SECOND AMENDMENT

62. Plaintiff hereby incorporates the allegations set forth above as though the same were fully set forth at length herein.

63. The machine gun ban in § 922(o) and associated regulations violate Plaintiff's Second Amendment rights.

64. The National Firearms Act and its associated regulations violate Plaintiff's Second Amendment rights as it mandates the paying of a tax to exercise a constitutionally protected right.

65. Plaintiff desires to own machine guns for all lawful purposes including in defense of hearth and home. Plaintiff is a member of the bar of two states, a practicing attorney and does not pose any threat to public safety.

A82

66. Plaintiff passed substantial background checks and character and fitness evaluations from each respective licensing authority for his licenses to practice law. Plaintiff is not the class of individual that can be prohibited from possessing a firearm despite the Second Amendment's protections.

67. Plaintiff was initially approved to manufacture a machine gun by the BATFE. Plaintiff's Second Amendment rights are violated by the BATFE's subsequent disapproval of the approved Form 1 application, demand that he surrender the manufactured firearm, and placing him in legal jeopardy under unconstitutional statutes and regulations.

68. Additionally, Plaintiff's Second Amendment rights are violated by the BATFE disapproving his first Form 1 to make a machine gun under the Watson Family Gun Trust.

69. Plaintiff is entitled to declaratory and injunctive relief barring Defendants from attempting to unilaterally revoke an issued stamp on his Form 1 and further, that 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* are unconstitutional or unconstitutional as applied against Plaintiff.

**COUNT III**
**VIOLATION OF THE FIFTH AMENDMENT OF**
**THE UNITED STATES CONSTITUTION**

70. Plaintiff hereby incorporates the allegations set forth above as though the same were fully set forth at length herein.

71. The Fifth Amendment states, in part, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

72. By attempting to unilaterally revoke an issued tax stamp and approval to make a machine gun, Defendants have deprived Plaintiff of his property interest in that machine gun.

16

A83

73. By mandating that Plaintiff surrender his property, under threat of legal action and without due process of law, Defendants have deprived Plaintiff of his lawful property.

## COUNT IV
## VIOLATION OF THE FOURTEENTH AMENDMENT – EQUAL PROTECTION

74. Plaintiff hereby incorporates the allegations set forth above as though the same were fully set forth at length herein.

75. Upon information and belief, BATFE has approved the manufacture and transfer of post-1986 machine guns to various individuals.

76. Permitting others to possess post-1986 machine guns, but not Plaintiff, violates Plaintiff's equal protection rights and the Fourteenth Amendment's Equal Protection clause.

## COUNT V
## DETRIMENTAL RELIANCE

77. Plaintiff hereby incorporates the allegations set forth above as though the same were fully set forth at length herein.

78. Upon making application to manufacture the machine gun, the BATFE approved Plaintiff's Form 1, the BATFE knew or should have known that its approval would induce action by the Plaintiff, the BATFE's approval did induce such action, and BATFE should be estopped from revoking its approval so as to prevent injustice to the Plaintiff.

79. Defendants should be enjoined from taking any further action against Plaintiff in an attempt to enforce 18 U.S.C. § 922(o), 26 U.S.C. § 5801, and any other regulation, statute or BATFE internal rule, known or unknown, that would result in Plaintiff losing his property interest in his Form 1 or manufactured machine gun or being charged criminally for relying on BATFE's authority to approve Plaintiff's Form 1.

17

A84

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in his favor and against Defendants as follows:

1.    A declaration that 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* exceed the authority granted to the United States Congress under Article I of the United States Constitution;

2.    A declaration that 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* violate the Second Amendment to the United States Constitution;

3.    A declaration that 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* cannot be applied against Plaintiff individually or as Trustee of the Watson Family Gun Trust;

4.    A declaration that 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* cannot be applied against any current or future trustees or current or future beneficiaries of the Watson Family Gun Trust;

5.    An order permanently enjoining Defendants, their officers, agents, employees, servants and all other persons acting in concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(o) and 26 U.S.C. § 5801 *et seq.* and their accompanying regulations, against Plaintiff individually and as Trustee of the Watson Family Gun Trust or any current or future trustees and beneficiaries of said Watson Family Gun Trust;

6.    A declaration that the Defendants' actions in attempting to unilaterally revoke an issued tax stamp are void and without authority;

7.    In the alternative, a declaration that 18 U.S.C. § 922(o) does not prohibit unincorporated trusts from manufacturing or possessing machine guns and an accompanying order requiring the Defendants to approve Plaintiff's Form 1 applications and/or an order

18

prohibiting the Defendants from denying the validity of or revoking or disapproving Plaintiff's approved and issued tax stamp on ATF Form 1 Control Number 2014161951.

       8.     Costs of suit;

       9.     Attorneys' Fees and Costs pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988; and

       10.    Any other further relief as the Court deems just and appropriate.

This, the 14th day of November, 2014.

Respectfully submitted,

David R. Scott, Esquire
Attorney for Plaintiff

**Of Counsel:**

David R. Scott
Law Offices of J. Scott Watson, P.C.
24 Regency Plaza
Glen Mills, PA 19342
(610) 358-9600
David.Scott@jscottwatson.com
PA Bar No. 313491

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Pending Admission Pro Hac Vice

# EXHIBIT "A"



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Washington, DC 20226

www.atf.gov

March 17, 2014

903010:HLK
13-0574
18 U.S.C. 922
5812
27 CFR 478.102
5300

Mr. Brandon L. Maddox
BMaddox Enterprises LLC
Dakota Silencer



Dear Mr. Maddox:

This is in response to your letter dated June 21, 2013 to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in which you request clarification on conducting a National Instant Criminal Background Check System (NICS) check on a transfer of a National Firearms Act (NFA) firearm registered to a trust on an ATF Form 4. Specifically, you ask if a NICS check must be conducted on the person picking up the firearm on behalf of the trust.

In your letter, you state that you received conflicting information from various ATF offices. You also state that information printed in the November 2008 ATF Newsletter and information posted on www.atf.gov conflicts with information printed in the ATF National Firearms Act Handbook.

Federal firearms law at 18 U.S.C. § 922(t)(1) requires Federal firearms licensees (FFLs) to run a NICS check "before the completion of the transfer," and verify the identity of the transferee. There is an exception under section 922(t)(3)(B) and 27 CFR 478.102(d)(2), if the Attorney General "has approved the transfer under section 5812 of the Internal Revenue Code of 1986." Subject to limited exceptions, the Gun Control Act (GCA) at section 922(b)(3) also makes it unlawful for an FFL to sell or deliver a firearm "to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located." The term "person" is defined by the GCA at 18 U.S.C. § 921(a)(1), to include "any individual, corporation, company, association, firm, partnership, society, or joint stock company."

Mr. Brandon L. Maddox
BMaddox Enterprises LLC

ATF has interpreted the GCA exception in sections 922(t)(3)(B) and 478.102(d)(2) to mean that firearms transfers are exempt from a NICS check when they have been approved under the NFA *to the person receiving the firearm.* Unlike individuals, corporations, partnerships, and associations; unincorporated trusts do not fall within the definition of "person" in the GCA.

Because unincorporated trusts are not "persons" under the GCA, a Federal firearms licensee (FFL) cannot transfer firearms to them without complying with the GCA. Thus, when an FFL transfers an NFA firearm to a trustee or other person acting on behalf of a trust, the transfer is made *to this person as an individual (i.e., not as a trust).* As the trustee or other person acting on behalf of the trust is not the approved transferee under the NFA, 18 U.S.C. 5812, the trustee or other person acting on behalf of a trust must undergo a NICS check. The individual must also be a resident of the same State as the FFL when receiving the firearm.

When purchasing an NFA firearm, the person acting on behalf of the trust will complete the ATF Form 4473, items 1 through 10b with his or her personal information. Item 11a "Are you the actual transferee/buyer of the firearm(s) listed on this form?" should be answered "YES". The transferor will conduct the NICS check and complete Items 21a though 21c and Item 21d, if applicable. Item 22 will be left blank, as the transaction is not exempt from the NICS check.

We trust the foregoing has been responsive to your request. If you should have further questions, please contact the Firearms Industry Programs Branch at 202-648-7190 or fipb@atf.gov.

Sincerely yours,

Helen L. Koppe
Chief, Firearms Industry Programs Branch

Enclosure: Dakota Silencer clarification request

cc:    Director, Industry Operations, St. Paul, Kansas City, Denver Field Divisions
       Area Supervisor, St. Paul, Omaha II, Denver VI, and Helena Area Offices

A89

# EXHIBIT "B"

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

OMB No. 1140-0011 (10/31/2013)

Control Number    2014161951

# Application to Make and Register a Firearm

*(Submit in duplicate. See Instructions attached.)*

**To:** National Firearms Act Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, 244 Needy Road, Suite 1250, Martinsburg, WV 25405

The undersigned hereby makes application, as required by Sections 5821 and 5822 of the National Firearms Act, Title 26 U.S.C., Chapter 53, to make and register the firearm described below.

2.  Application is made by:
- [ ] Individual   [X] Corporation or Other Business Entity   [ ] Government Entity

3a. Trade Name   *(If any)*
WATSON FAMILY GUN TRUST

3b. Applicant's Name and Mailing Address   *(Type or print below and between the dots)*

WATSON FAMILY GUN TRUST

3c. If P.O. Box is Shown Above, Street Address Must Be Given Here

3d. County
DELAWARE

3e. Telephone Area Code and Number

1. Type of Application   *(check one)*

- [X] a. Tax Paid.  Submit with your application a check or money order for $200 made payable to the Department of the Treasury for approval of the application to make and acquire, affix, and possess the "National Firearms

- [ ] b. Tax Exempt because ... on behalf of the Un... department, ... agency thereof.

- [ ] c. Tax Exempt because ... or on behalf of an... United States, or a... thereof, or any official police organization of such a government entity engaged in criminal investigations.

4.  Description of Firearm   *(complete items a through i)*

| a. Name and Location of Original Manufacturer of Firearm *(Receiver)* *(If prototype, furnish plans and specifications)* *(See Instruction 2i)* | b. Type of Firearm to be made *(See instruction 1c)* | c. Caliber, Gauge or Size *(Specify)* | d. Model | | |
|---|---|---|---|---|---|
| PALMETTO STATE ARMORY, UNITED STATES | MACHINEGUN | | PA15 | | |
| | | 5.56 | e. Length *(Inches)* 10.5 | e. Of Barrel | f. Overall 26 |
| | | | g. Serial Number *(See Instruction 2i)* LW 001804 | | |

h. Additional Description   *(Include all numbers and other identifying data which will appear on the firearm)*

i. State Why You Intend To Make Firearm   *(Use additional sheet if necessary)*
ANY LAWFUL PURPOSES

j.  Is this firearm being reactivated?   [ ] Yes   [ ] No   *(See Definition 1k)*

5. Applicant's Federal Firearms License *(If any)*
*(Give complete 15-digit Number)*

6. Special (Occupational) Tax Status *(If applicable)*
a. Employer Identification Number          b. Class

**Important:** All individual applicants *(including Federally Licensed Collectors)* must complete the reverse side of this form and submit, in duplicate, FBI Form FD-258, Fingerprint Card.

**Under Penalties of Perjury, I Declare** that I have examined this application, including accompanying documents, and to the best of my knowledge and belief it is true, accurate and complete and the making and possession of the firearm described above would not constitute a violation of Chapter 44, Title 18, U.S.C., Chapter 53, Title 26, U.S.C., or any provisions of State or local law.

| 7. Signature of Applicant DIGITALLY SIGNED | 8. Name and Title of Authorized Official of Firm or Corporation *(if applicable)* RYAN WATSON | 9. Date 06/24/2014 |
|---|---|---|

**The space below is for the use of the Bureau of Alcohol, Tobacco, Firearms and Explosives**

By authority of the Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, this application has been examined and the applicant's making and registration of the firearm described above is:

[X] Approved   *(With the following conditions, if any)*          [ ] Disapproved   *(For the following reasons)*

Authorized ATF Official _____

Date  08/05/2014

## Additional Requirements

Important:  Give full details on separate sheet for all "Yes" answers in items 10 and 11

| 10. Are You: | Yes | No | 11. Have You: | Yes | No |
|---|---|---|---|---|---|
| a. Charged by information or under indictment in any court for a crime for which the judge could imprison you for more than one year.  An information is a formal accusation of a crime made by a prosecuting attorney. | ☐ | ☐ | a. Been convicted in any court of a crime for which the judge could have imprisoned you for more than one year, even if the judge actually gave you a shorter sentence? | ☐ | ☐ |
| b. A  fugitive  from justice? | ☐ | ☐ | b. Been discharged from the armed forces under dishonorable conditions? | ☐ | ☐ |
| c. An alien who is illegally in the United States? | ☐ | ☐ | c. Been adjudicated mentally defective or been committed  to a mental institution? | ☐ | ☐ |
| d. Under 21 years of age? | ☐ | ☐ | d. Renounced your United States citizenship? | ☐ | ☐ |
| e. An unlawful user of or addicted to marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance? | ☐ | ☐ | e. Been convicted in any court of a misdemeanor crime of domestic violence?  *(see Instruction 1m)* | ☐ | ☐ |
| f. Subject to a court order restraining you from harassing, stalking or threatening an intimate partner or child of such partner?  *(see Instruction 7c)* | ☐ | ☐ | | | |

| 12. Photograph | 13.                          Law Enforcement Certification  *(See Instruction 2f)* |
|---|---|
| **Affix**<br>**Recent Photograph Here**<br>*(Approximately 2" x 2")*<br>*(See instruction 2d)* | I certify that I am the chief law enforcement officer of the organization named below having jurisdiction in the area of residence of _____<br><br>_____<br>*(Name of maker)*<br><br>I have no information indicating that the maker will use the firearm or device described on this application for other than lawful purposes.  I have no information that  **Possession of the Firearm described in Item 4 on the Front of this Form would place the maker in Violation of State or Local Law.**<br><br>_____   _____   _____<br>*(Signature)*                    *(Printed name)*              *(Title and agency name)*<br><br>_____<br>*(Street address, city, State and zip code)*<br><br>_____                     _____<br>*(Telephone Number)*                          *(Date)*<br><br>By  *(if delegated authority to sign for the chief law enforcement official)* :<br><br>_____   _____   _____<br>*(Signature)*                    *(Printed name)*              *(Title and agency name)*<br><br>_____<br>*(Street address, city, State and zip code)*<br><br>_____                     _____<br>*(Telephone Number)*                          *(Date)* |

### Important Information for Currently Registered Firearms

If this registration document evidences the current registration of the firearm described on it, please note the following information.

**Estate Procedures:**   For procedures regarding the transfer of firearms in an estate resulting from the death of the registrant identified in item 3, the executor should contact the NFA Branch, Bureau of ATF, 244 Needy Road, Martinsburg, WV 25405.

**Interstate Movement:**   If the firearm identified in item 4 is a machinegun, short-barreled rifle, short-barreled shotgun, or destructive device, the registrant may be required by 18 U.S.C. § 922(a)(4) to obtain permission from ATF prior to any transportation in interstate or foreign commerce.

**Change of Description or Address:**   The registrant shall notify the NFA Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, 244 Needy Road, Martinsburg, WV 25405, in writing, of any change to the description of the firearms in item 4, or any change to the address of the registrant.

**Restrictions on Possession:**   Any restriction  *(see approval block on face of form)*  on the possession of the firearm .lentified in item 4 continues with the further transfer of the firearm.

**Persons Prohibited from Possessing Firearms:**   If the registrant becomes prohibited by 18 U.S.C. § 922 from possessing a firearm, the registrant shall notify the NFA Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, 244 Needy Road, Martinsburg, WV 25405, in writing, immediately upon becoming prohibited for guidance on the disposal of the firearm.

**Proof of Registration:**   This approved application is the registrant's proof of registration and it shall be made available to any ATF officer upon request.

ATF Form 1 (5320.1)
Revised September 2007

**Instructions**

1. **Definitions.**

   a. **National Firearms Act (NFA).** Title 26, United States Code, Chapter 53. The implementing regulations are found in Title 27, Code of Federal Regulations, Part 479.

   b. **Gun Control Act (GCA).** Title 18, United States Code, Chapter 44. The implementing regulations are found in Title 27, Code of Federal Regulations, Part 478.

   c. **Firearm.** The term "firearm" means: (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in 18 U.S.C. 5845 (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device.

   d. **Person.** The term "person" means a partnership, company, association, trust, estate, or corporation as well as a natural person.

   e. **Employer Identification Number (EIN).** Required of taxpayer filing special (occupational) tax returns under 27 CFR § 479.35.

   f. **Special (Occupational) Tax.** Required by the NFA to be paid by a Federal firearms licensee engaged in the business of manufacturing (Class 2), importing (Class 1), or dealing (Class 3) in NFA firearms.

   g. **Federal Firearms License.** A license issued under the provisions of the GCA to manufacture, import or deal in firearms.

   h. **ATF Officer.** An officer or employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) authorized to perform any function relating to the administration of the NFA.

   i. **Make.** The term "make", and the various derivatives of such word, shall include manufacturing *(other than by one qualified to engage in such business under the NFA)*, putting together, altering, any combination of these, or otherwise producing a firearm.

   j. **Misdemeanor Crime of Domestic Violence.** A crime that is a misdemeanor under Federal or State law and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian. The term includes all misdemeanors that involve the use or attempted use of physical force *(e.g., simple assault, assault and battery)*, if the offense is committed by one of the defined parties. The person is NOT considered to have been convicted of such crime unless the person was represented by a lawyer or gave up the right to a lawyer, and, if the person was entitled to a jury trial, was tried by a jury or gave up the right to a jury trial.

   k. **Reactivation.** The restoration of a registered unserviceable NFA firearm to a functional condition. This action incurs the making tax liability.

   l. **Unserviceable Firearm.** One which is incapable of discharging a shot by means of an explosive and incapable of being readily restored to firing condition. An acceptable method of rendering most firearms unserviceable is to fusion weld the chamber closed and fusion weld the barrel solidly to the frame.

2. **Preparation of Application and Payment of Tax.**

   a. **Authority.** As provided by 26 U.S.C. § 5822, any person *(other than a qualified manufacturer of firearms (see paragraph b))* seeking to make a firearm must complete, in duplicate, a separate application

on this form for each firearm. The applicant maker must furnish all the information called for on this application form.

   b. **Registration by Qualified Manufacturer.** A person who has a Federal firearms license to manufacture firearms *(Type 07 or 10)* and who has paid special (occupational) tax to manufacture NFA firearms is exempt from the making tax and filing of the ATF Form 1 application. Such qualified manufacturer must report and register each NFA firearm manufactured by filing ATF Form 2, Notice of Firearms Manufactured or Imported, as required by 27 CFR § 479.102.

   c. **Payment of /Exemption from Payment of Tax.** As provided in 26 U.S.C. § 5821, there is a $200.00 tax on each firearm made, **except as** provided in 26 U.S.C. §§ 5852 and 5853, when an NFA firearm may be made without payment of the tax when made by, or on behalf of the United States or any State or political subdivision thereof. Documentation that the firearm is being made for a government entity, such as a United States government contract or a State or local government agency purchase order, must accompany the application. The reactivation of a registered unserviceable firearm is subject to the making tax.

   d. **Photographs and Fingerprints.** An individual maker *(including any Federally licensed collector but not any other type of Federal firearms licensee)* must (1) attach to each copy in item 12 of the ATF Form 1, a 2 inch x 2 inch photograph of his/her frontal view taken 479.63 says one year prior to the date of the application and (2) submit two properly completed FBI Forms FD-258 *(Fingerprint Card with blue lines)* with the application. The fingerprints must be clear for accurate classification and taken by someone properly equipped to take them.

   e. **Signatures.** All signatures required on ATF Form 1 must be original in ink on both copies.

   f. **Law Enforcement Certification.** The chief law enforcement officer is considered to be the Chief of Police for the maker's city or town of residence, the Sheriff for the maker's county of residence; the Head of the State Police for the maker's State of residence; a State or local district attorney or prosecutor having jurisdiction in the maker's area of residence; or another person whose certifcation is acceptable to the Director, Bureau of Alcohol, Tobacco and Firearms and Explosives. If someone has specific delegated authority to sign on behalf of the Chief of Police, Sheriff, etc., this fact must be noted by printing the Chief's, Sheriff's, or other authorized official's name and title, followed by the word "by" and the full signature and title of the delegated person. Item 13 must be completed for an individual maker. The certification must be dated no more than one year prior to the date of receipt of the application

   g. **Remittance.** If the application is subject to the making tax, a check or money order, made payable to the Bureau of Alcohol, Tobacco, Firearms and Explosives, in the amount of $200.00 must be submitted with the ATF Form 1. Do not send cash.

   h. **Photocopies or Computer Generated Versions.** The ATF Form 1 may be photocopied or a computer-generated version *(as long as it is in the same format and contains all required information)* may be used. This form may also be downloaded from the ATF Internet website at **www.atf.gov** . After downloading this form, photocopy it so that the front and back are on the same sheet of paper. The NFA Branch will not accept the application if the front and back are on separate sheets of paper.

   i. **Serial Numbers and other Markings.** If an existing firearm is being modified into an NFA firearm, enter the existing serial number of the firearm into item 4g and the name and address of the original manufacturer into item 4a. **Do not Alter or Modify the Existing Serial Number** . If the NFA firearm is being made from parts, your name and address are to be entered into 4a and a serial number you create is to be entered into item 4g.

ATF Form 1 (5320.1)
Revised September 2007

j. **Submission.** All requested information must be entered in blue or black ink and must be legible. Illegible entries will be returned for correction. Send both copies of the ATF Form 1 and attachments to the address located in the upper right hand corner on the face side of the ATF Form 1. The return of the application or your sending it to any other address will only delay the processing.

3. **Approval of Application.** Upon approval of an application, the NFA Branch will affix the NFA tax stamp *(if any)* to the application, cancel it, and return the approved copy to the maker. The approval of the application effectuates registration of the firearm to the maker; however, the firearm must not be made until the application has been approved.

4. **Withdrawal of Application.** The application may be withdrawn prior to approval by submission of a written request from the maker. The NFA Branch will arrange for a refund of any tax paid.

5. **Cancellation of Approved Application.** An approved application may be cancelled only if the firearms had not been made or modified. The maker must return the approved application with a written request for cancellation, citing the need and that the making of the firearm did not take place. The NFA Branch will arrange for a refund of any tax paid.

6. **Disapproval of Application.** If the application is disapproved, the NFA Branch will note the reason for disapproval on the application and return one copy to the maker. The NFA Branch will arrange for a refund of any tax paid.

7. **Reasons for Disapproval.** 26 U.S.C. § 5822 provides that applications shall be denied if the making or possession of the firearm would place the maker in violation of law.

   a. **State or Local Law.** If State or local law prohibits the making or possession of the firearm being made, the application will be disapproved.

   b. **Machineguns**

   (1) 18 U.S.C. § 922(o) provides that machineguns may be made only for government use or export. An application will be denied unless the making meets these criteria.

   c. **Persons Prohibited from Making a Firearm.** The application will be disapproved if the maker is a person prohibited from possessing a firearm by 18 U.S.C. § 922(g), which provides that is shall be unlawful for any person-

   (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to any controlled substance;
   (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
   (5) who, being an alien, is illegally or unlawfully in the United States or, except as provided in 18 U.S.C. § 922(y)(2), has been admitted to the United States under a nonimmigrant visa *(as that term is defined in 8 U.S.C. §1101(a)(26)* ;
   (6) who has been discharged from the Armed Forces under dishonorable conditions;
   (7) who, having been a citizen of the United States, has renounced his citizenship;
   (8) who is subject to a court order that-

   (A)was issued after a hearing of which such person received actual notice; and at which such person had an opportunity to participate;
   (B)restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
   (C) (I) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (II) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury, or

(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign com merce.

8. **Status inquiries and Questions.** The NFA Branch telephone number is (304) 616-4500. Any inquiry relating to the status of an application to make an NFA firearm or about procedures in general should be directed to the NFA. Please be aware that the information relating to the registration of firearms is defined as "return" or "return information" by 26 U.S.C. § 6103 and disclosure is generally prohibited to anyone other than the registrant. Information relating to the NFA and other firearms laws is also available at the ATF Internet website **www.atf.gov** .

9. **Penalties.** Any person who violates or fails to comply with any of the requirements of the NFA shall, upon conviction, be fined not more than $10,000 or be imprisoned for not more than 10 years, or both. Any firearm involved in a violation of the NFA shall be subject to seizure and forfeiture. It is unlawful for any person to make or cause the making of a false entry on any application or record required by the NFA knowing such entry to be false.

10. **Compliance with the Gun Control Act.** All provisions of the GCA must also be complied with.

## Privacy Act Information

1. **Authority.** Firearms Act Solicitation of this information is made pursuant to the National *(26 U.S.C. §§ 5821 and 5822)* . Disclosure of this information by the applicant is mandatory for any person *(other than a manufacturer qualified under the National Firearms Act)* making a firearm as defined in the National Firearms Act.

2. **Purpose.** To verify payment of the tax imposed by 26 U.S.C. § 5821; to determine that the making would not be in violation of law; and to effect registration of the firearm.

3. **Routine Uses.** The information will be used by ATF to make the determinations set forth in paragraph 2. In addition, to effect registration of the firearm, information as to the identification of the firearm, date of registration, and the identification and address of person entitled to possess the firearm will be entered into the National Firearms Registration and Transfer Record. No information obtained from a application, registration, or records required to be submitted by a natural person in order to comply with any provision of the National Firearms Act or regulations issued thereunder, shall, except in connection with prosecution or other action for furnishing false information, be used, directly or indirectly, as evidence against that person in any criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application. The information from this application may only be disclosed to Federal authorities for purpose of prosecution for violation of the National Firearms Act.

4. **Effects of not Supplying Information Requested.** Failure to supply complete information will delay processing and may cause denial of the application.

## Paperwork Reduction Act Notice

This form is in accordance with the Paperwork Reduction Act of 1995. The information you provide is used to establish that a transferee's receipt and possession of the firearm would be in conformance with Federal, State, and local law. The data is used as proof of lawful registration of a firearm to the manufacturer. The furnishing of this information is mandatory *(26 U.S.C. § 5822)* .

The estimated average burden associated with this collection of information 4 hours per respondent or recordkeeper, depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be addressed to Reports Management Officer, Document Services Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, Washington, DC 20226.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

ATF Form 1 (5320.1)
Revised September 2007

A94

# EXHIBIT "C"

# PA 15407

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Application to Make and Register a Firearm

*(Submit in duplicate. See Instructions attached.)*

**To:** National Firearms Act Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives, 244 Needy Road, Suite 1250, Martinsburg, WV 25405

The undersigned hereby makes application, as required by Sections 5821 and 5822 of the National Firearms Act, Title 26 U.S.C., Chapter 53, to make and register the firearm described below.

**2. Application is made by:**
☐ Individual   ☒ Corporation or Other Business Entity   ☐ Government Entity

**3a. Trade Name** *(If any)*

**1. Type of Application** *(check one)*
☒ a. Tax Paid. Submit with your application a check or money order for $200 made payable to the Department of the Justice. Upon approval of the application, this office will acquire, affix, and cancel the required "National Firearms Act" stamp for you.

**3b. Applicant's Name and Mailing Address** *(Type or print below and between the dots)*

Watson Family Gun Trust
▓▓▓▓▓▓▓▓▓▓▓▓▓▓

☐ b. Tax Exempt because firearm is being made on behalf of the United States, or any department, independent establishment, or agency thereof.

**3c.** If P.O. Box is Shown Above, Street Address Must Be Given Here

☐ c. Tax Exempt because firearm is being made by or on behalf of any State or possession of the United States, or any political subdivision thereof, or any official police organization of such a government entity engaged in criminal investigations.

**3d. County**
Delaware

**3e. Telephone Area Code and Number**

**4. Description of Firearm** *(complete items a through i)*

**a. Name and Location of Original Manufacturer of Firearm** *(Receiver) (If prototype, furnish plans and specifications) (See Instruction 2i)*

Spikes Tactical
Apopka, Florida

**b.** *(If firearm to be made see instruction 1c)*

Machine Gun

**c. Caliber, Gauge or Size** *(Specify)*
5.56mm

**d. Model**
SL15

**e. Of Barrel:** *(Inches)*
16"

**f. Overall:** *(Inches)*
28"

**Length** *(Inches)*

**g. Serial Number** *(See instruction 2i)*
SAR25979

**h. Additional Description** *(Include all numbers and other identifying data which will appear on the firearm)*
Watson Family Gun Trust, Thornton, PA

**i. State Why You Intend To Make Firearm** *(Use additional sheet if necessary)*
Any Lawful Purpose

**j. Is this firearm being reactivated?** ☐ Yes ☒ No *(See Definition 1k)*

**5. Applicant's Federal Firearms License** *(If any)*
*(Give complete 15-digit Number)*

**6. Special (Occupational) Tax Status** *(If applicable)*
**a. Employer Identification Number**
**b. Class**

**Important:** All individual applicants *(including Federally Licensed Collectors)* must complete the reverse side of this form and submit, in duplicate, FBI Form FD-258, Fingerprint Card.

**Under Penalties of Perjury, I Declare** that I have examined this application, including accompanying documents, and to the best of my knowledge and belief it is true, accurate and complete and the making and possession of the firearm described above would not constitute a violation of Chapter 44, Title 18, U.S.C., Chapter 53, Title 26, U.S.C., or any provisions of State or local law.

**7. Signature of Applicant**
*Bryon Watson*

**8. Name and Title of Authorized Official of Firm or Corporation** *(If applicable)*

**9. Date**
5/23/2014

~~DISAPPROVED~~

The space below is for the use of the Bureau of Alcohol, Tobacco, Firearms and Explosives

... ority of the Director, Bureau of Alcohol, Tobacco, ... Explosives, this application has been examined and the applicant's making and registration of ... rm described above is:

... ved *(With the following conditions, if any)*   ☒ Disapproved *(For the following reasons)*

922(o)

**Authorized ATF Official**
*Kimberly B. Ramsburg*

**SEP 18 2014**

ATF Form 1 (5320.1)
Revised September 2007

# EXHIBIT "D"



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*National Firearms Act Branch*

Martinsburg, West Virginia

www.atf.gov

901040:TEC

WATSON FAMILY GUN TRUST



Dear WATSON FAMILY GUN TRUST,

This responds to your recent submission of an ATF Form 1, Application to Make a National Firearms Act (NFA) Firearm. Specifically, you submitted the ATF Form 1 to make and register a machinegun on behalf of WATSON FAMILY GUN TRUST. Because you are prohibited by law from possessing a machinegun, your application to make a machinegun is hereby denied.

Except for the possession of machineguns by or for governmental entities, the Gun Control Act of 1968 (GCA), as amended, prohibits any person from possessing a machinegun not lawfully possessed and registered prior to May 19, 1986. *See* 18 U.S.C. § 922(o). The GCA defines the term "person" to "include any individual, corporation, company, association, firm, partnership, society, or joint stock company." *See* 18 U.S.C. § 921(a)(1). Pursuant to the NFA, 26 U.S.C. § 5822, and implementing regulations, 27 C.F.R. § 479.105(a), ATF may not approve any private person's application to make and register a machinegun after May 19, 1986.

The fact that an unincorporated trust is not included in the definition of "person" under the GCA does not mean that an individual may avoid liability under section 922(o) by placing a machinegun "in trust." Where a trust is not an entity recognized as a "person" under the applicable law, it cannot make or hold property and is disregarded. Consequently, in terms of an unincorporated trust, ATF must disregard such a non-entity under the GCA and consider the individual acting on behalf of the trust to be the proposed maker/possessor of the machinegun.

Therefore, because you are prohibited from possessing a post-1986 machinegun, whether or not placed in a trust, ATF must deny your application to make and register a machinegun, pursuant to 18 U.S.C. § 922(o), 26 U.S.C. § 5822, and 27 C.F.R. §§ 478.36, 479.105(a).

William J. Boyle, III
Chief, National Firearms Act Branch

# EXHIBIT "E"



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Philadelphia Field Division*

www.atf.gov

OCT 2 9 2014          766000:DAF
                      3300

**CERTIFIED LETTER – RETURN RECEIPT REQUESTED**

Ryan Watson


Dear Mr. Watson:

In September, ATF advised you in writing that ATF's National Firearms Branch had erroneously approved your application to make a machinegun, ATF Form 1. ATF explained that since May, 1986, ATF has been barred from approving any private person's application to make a register a machinegun unless the machinegun is being made at the request and on behalf of a Federal, State or local government entity. *See* 18 U.S.C. § 922(o), 26 U.S.C. §§ 5812 and 5822, and 27 C.F.R. § 479.105.

More recently, ATF Special Agent Ryan Kovach advised you that if you had, in fact, already made a machinegun in reliance of ATF's erroneous approval of your ATF Form 1, you should make arrangements with him to abandon or otherwise surrender it. This is critical not only as a matter of public safety, but because possession of this unregistered machinegun is a Federal felony. *See* 18 U.S.C. §§ 922(o) and 924(a)(2) and 26 U.S.C. § 5861 and 5871. Special Agent Kovach assured you that ATF is only interested in recovering the illegal and unregistered machinegun and has absolutely no interest in using your surrender of this machinegun to further a criminal prosecution. At the same time, nothing in this letter should be construed as a general grant of immunity or as giving you permission to violate Federal law.

Moreover, if you do not want to abandon the machinegun to ATF, but wish to preserve whatever property right you may have in it, you may make this fact known to Special Agent Kovach at the time you surrender it. In this case, Special Agent Kovach will seize the machinegun from you for administrative forfeiture. You will be thereafter provided with notice and the opportunity for a hearing in Federal Court to challenge the forfeiture.

A100

Ryan Watson

ATF regrets any inconvenience caused by the erroneous approval of your ATF Form 1. ATF sincerely hopes you will avail yourself of this opportunity to abandon or surrender the machinegun. Please contact Special Agent Kovach at (267) 221-3375 to make arrangements for the surrender of the machinegun at your earliest possible convenience.

Sincerely,

Essam Rabadi
Special Agent in Charge

cc: Division Counsel
Philadelphia Group I

# EXHIBIT "F"

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Receipt for Property and Other Items**

| Page _1_ of _1_ | Case/Inspection Number: FBD | Case/Inspection Title: Watson Ryan | Office: Philadelphia FO |
|---|---|---|---|

Taken from: (name, title, address, if appropriate)
Ryan Watson

Recipient: (name, title, address, if appropriate)
Ryan Kovach
S/A

Location of Transfer or Seizure:
Glenn Mills, PA

Basis for Transfer or Seizure of Items:
Contraband - Erroneous Approval

| Amount or Quantity | Description of Item(s) |
|---|---|
| (1) | Palmetto State Armory Lower Receiver s/n: LW001804 and Trigger Assembly |

I hereby acknowledge receipt of the above item(s) into my custody.

Received by: (signature) Ryan J Kov... Ryan J. Kovach

Date: 11-14-14

Transferred by: (signature, if appropriate)

Date

Witnessed by: (signature)

Date

ATF E-Form 3400.23
Revised March 2005

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ryan S. Watson, Individually and as Trustee of the Watson Family Gun Trust. 24 Regency Plaza, Glen Mills, PA 19342 | DOJ - Eric H. Holder, Attorney General. 950 Pennsylvania Avenue, Washington, DC 20530. BATFE - B. Todd Jones, Director 99 New York Avenue, NE, Washington, DC 20226 |

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Scott Watson, P.C.  David R. Scott, Esq.
24 Regency Plaza
Glen Mills, PA 19342

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government     ☐ 3  Federal Question
    Plaintiff             *(U.S. Government Not a Party)*

☒ 2  U.S. Government   ☐ 4  Diversity
    Defendant         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|   & Enforcement of Judgment |   Slander |   Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |   Liability | ☐ 368 Asbestos Personal | | |   Corrupt Organizations |
|   Student Loans | ☐ 340 Marine |   Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|   (Excludes Veterans) | ☐ 345 Marine Product |   Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |   Liability | **PERSONAL PROPERTY** |   Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |   Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |   Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |   Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |   Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |   Injury | ☐ 385 Property Damage |   Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |   Product Liability | ☐ 790 Other Labor Litigation | |   Act |
| |   Medical Malpractice | | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |   Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | |   or Defendant) |   Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |   Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | |   26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |   Sentence | | |   State Statutes |
| ☐ 245 Tort Product Liability |   Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |   Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |   Other | ☐ 550 Civil Rights |   Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |   Conditions of | | | |
| | |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding
☐ 2  Removed from
    State Court
☐ 3  Remanded from
    Appellate Court
☐ 4  Reinstated or
    Reopened
☐ 5  Transferred from
    Another District
    *(specify)*
☐ 6  Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 922(o), 26 USC 5801, 27 CFR 479.1 et seq
Brief description of cause:
Constitutional challenge to above cited statutes and regulations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                         DOCKET NUMBER

DATE
11/14/2014

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

A104

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _24 Regency Plaza, Glen Mills, PA 19342_

Address of Defendant: _950 Pennsylvania Avenue, NW, Washington, DC 20530;   99 New York Avenue, NE, Washington, DC 20226_

Place of Accident, Incident or Transaction: _Delaware County, PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes□   No☒

Does this case involve multidistrict litigation possibilities?      Yes□   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes□   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes□   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes□   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes□   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. □ Indemnity Contract, Marine Contract, and All Other Contracts
2. □ FELA
3. □ Jones Act-Personal Injury
4. □ Antitrust
5. □ Patent
6. □ Labor-Management Relations
7. □ Civil Rights
8. □ Habeas Corpus
9. □ Securities Act(s) Cases
10. □ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Constitutional Challenge to 18 USC § 922(o), 26 USC § 5801 et seq, and 27 CFR § 479.1 et seq_

B. *Diversity Jurisdiction Cases:*
1. □ Insurance Contract and Other Contracts
2. □ Airplane Personal Injury
3. □ Assault, Defamation
4. □ Marine Personal Injury
5. □ Motor Vehicle Personal Injury
6. □ Other Personal Injury (Please specify)
7. □ Products Liability
8. □ Products Liability — Asbestos
9. □ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _David R. Scott_ , counsel of record do hereby certify:

□ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _11/14/2013_ _____ _313491_
Attorney-at-Law                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/14/2014_ _____ _313491_
Attorney-at-Law                      Attorney I.D.#

CIV. 609 (5/2012)

A105

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  24 Regency Plaza, Glen Mills, PA 19342

Address of Defendant:  950 Pennsylvania Avenue, NW, Washington, DC 20530;    99 New York Avenue, NE, Washington, DC 20226

Place of Accident, Incident or Transaction:  Delaware County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)  Constitutional Challenge to 18 USC § 922(o), 26 USC § 5801 *et seq*, and 27 CFR § 479.1 *et seq*

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___David R. Scott___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __11/14/2013__          _____          ___313491___
                          Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/14/2014__          _____          ___313491___
                          Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

A106

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2015, I electronically filed the foregoing Appendix Volume II with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.


/s/ Stephen D. Stamboulieh
Stephen Dean Stamboulieh
Counsel for Appellant